UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SALLY SANZONE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:16 CV 923 CDP |
| | ) | |
| MERCY HEALTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

Under Rule 59(e), Federal Rules of Civil Procedure, plaintiffs ask me to reconsider my August 27, 2018, Memorandum, Order, and Judgment dismissing their complaint in this matter for lack of subject-matter jurisdiction. Plaintiffs make no legal or factual arguments convincing me that my prior decision was in error. I am also not persuaded that I erred procedurally in my ruling. I will therefore deny the motion to alter or amend judgment.

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than twenty-eight days after entry of the judgment. Rule 59(e) gives the court power to rectify its own mistakes following entry of judgment. *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting manifest errors of law or fact or to present newly discovered evidence, *United States v. Metro. St. Louis Sewer Dist.*,

440 F.3d 930, 933 (8th Cir. 2006), and are reserved to provide relief in "extraordinary circumstances." *Barnett v. Roper*, 941 F. Supp. 2d 1099, 1104 (E.D. Mo. 2013). I have broad discretion in determining whether to grant a Rule 59(e) motion. *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933.

In their motion, plaintiffs argue that I erred in reviewing materials outside the pleadings when considering defendants' motion to dismiss and, further, that I determined with finality a legal issue that was not presented to the Court. By doing this, plaintiffs argue, I denied them the opportunity to not only present evidence but to present their own legal argument on the issue of subject-matter jurisdiction, and specifically, federal-question jurisdiction. Plaintiffs also contend that I erred when I considered the substance of the church-plan-exemption question by improperly conflating a merits determination with subject-matter jurisdiction. For the following reasons, I disagree with plaintiffs' assertions.

To frame the following discussion, it is important to set out the mandate under which I operate when any case comes before me: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In fact, I am "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

> The rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception, which requires

> this court, of its own motion, to deny its own jurisdiction . . . in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act. . . . [T]he first and fundamental question is that of jurisdiction[.] . . . This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.

*Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900) (internal quotation marks and citation omitted). *See also Burris v. City of Little Rock*, 941 F.2d 717, 721 (8th Cir. 1991) (although parties "apparently overlooked" jurisdictional requirement in statute, court obliged to raise it *sua sponte*; case remanded with instructions to dismiss for lack of subject-matter jurisdiction).

Here, the defendants invoked Rule 12(b)(1) to seek dismissal for lack of subject-matter jurisdiction and they provided the Court with extrinsic evidence to aid in its determination. When reviewing a 12(b)(1) motion, the Court is not constrained to only the complaint and the materials necessarily embraced by it. Indeed, given the unique nature of the jurisdictional question and the Court's broad power to decide its own right to hear a case, the Court may look to the entire record in resolving the question of jurisdiction. *Hughes v. City of Cedar Rapids, Iowa*, 840 F.3d 987, 998 (8th Cir. 2016); *Osborn v. United States*, 918 F.2d 724, 728 n.4, 729 (8th Cir. 1990). Accordingly, contrary to plaintiffs' assertion, the defendants did not act untoward in submitting materials outside the pleadings on their motion. Nor was the Court amiss in reviewing the materials when

considering defendants' motion. Nothing precluded plaintiffs from submitting extrinsic material on the question of jurisdiction and, indeed, plaintiffs themselves referred to matters outside the pleadings, including exhibits submitted by the defendants as well as declarations of church officials in other, unrelated matters.

When I considered defendants' Rule 12(b)(1) argument, I carefully reviewed plaintiffs' complaint and the entirety of the record, which necessarily included the additional material submitted by the defendants. Although the defendants limited their jurisdictional argument to Article III standing, I am not so limited in my review of a federal court's jurisdictional authority. The failure of a party to urge a specific objection to jurisdiction does not relieve this Court from the duty of ascertaining from the record whether it can properly take jurisdiction of the suit. *Great S. Fire Proof Hotel,* 177 U.S. at 453. *See also Andrus v. Charlestone Stone Prods. Co.,* 436 U.S. 604, 608 n.6 (1978); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 n.2 (8th Cir. 2001). I therefore reject plaintiffs' argument that I erred when I considered a jurisdictional question not specifically raised by defendants.

I also disagree with plaintiffs' contention that I wrongfully determined the merits of their claims. In their complaint, plaintiffs alleged that defendants violated various provisions of ERISA that impose requirements relating to reporting and disclosure, minimum funding, written instruments, trusts, future

benefits, and fiduciary obligations. I did not decide the merits of these claims because I did not have the jurisdiction to do so. In order to decide the merits of plaintiffs' ERISA claims, I must have first been presented with an ERISA plan. For the reasons stated in my Memorandum and Order, the plan at issue here was not an ERISA plan. Therefore, under well-established Eighth Circuit precedent, I did not have subject-matter jurisdiction over plaintiffs' ERISA claims. Because of this determination, I had no choice but to dismiss plaintiffs' ERISA claims for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

I am aware of no authority, and plaintiffs cite to none, that requires me to give notice to the parties before dismissing a case for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). *See also Burris*, 941 F.2d at 721 (although parties "apparently overlooked" jurisdictional requirement in statute, court of appeals raised it *sua sponte* and remanded case with instructions to dismiss for lack of subject-matter jurisdiction). Nevertheless, the record in this case shows that plaintiffs had adequate notice that the case turned on whether the Mercy Plan was an ERISA plan or a church plan exempt from ERISA. Indeed, plaintiffs devoted seventeen pages of their brief to this precise issue (ECF 160) and themselves cited *Chronister v. Baptist Health*, which specifically held that if the plan at issue was "a church plan, no federal question

would exist because the plan would not be covered by ERISA," 442 F.3d 648, 651 (8th Cir. 2006) (internal quotation marks and citation omitted); and *Harris v. Arkansas Book Co.,* which specifically held that "[t]he existence of a plan is a prerequisite to jurisdiction under ERISA," 794 F.2d 358, 360 (8th Cir.1986). I question, therefore, plaintiffs' now-expressed surprise that I would address subject-matter jurisdiction on the basis of whether the Mercy Plan was or was not an ERISA plan.

Finally, plaintiffs contend that I blurred the line between defendants' Rule 12(b)(6) and 12(b)(1) arguments and improperly decided the merits of the central issue in the case – whether the Mercy Plan was an ERISA plan or an ERISA-exempt church plan – in order to make a jurisdictional determination. Plaintiffs urge me to apply law from the Second, Third, Fifth, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits, which they contend holds that determining whether a plan is an ERISA-exempt church plan is a merits question "unrelated to subject matter jurisdiction." (Pltfs.' Memo. in Supp. of Mot. for Recon., ECF 178 at p. 4.) I am bound by the law of the Eighth Circuit, however, *see Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003), and applying that law shows that plaintiffs are simply incorrect in their assertion.[1]

---

[1] Although I appreciate that plaintiffs also ask me to look to Supreme Court precedent, and specifically *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006), to show that I erred in my jurisdictional analysis, I disagree with their premise that *Arbaugh* applies to the circumstances of

Under well-established and longstanding Eighth Circuit precedent, the determination of whether a challenged plan is an ERISA plan is a prerequisite for federal subject-matter jurisdiction premised on ERISA, "and if the evidence does not show that the plan is an 'ERISA plan,' the court must dismiss the case." *Bannister v. Sorenson*, 103 F.3d 632, 636-37 (8th Cir. 1996) (remanding case to district court with instructions to first determine "basic jurisdictional issue" of whether challenged plan "is, or at the time of the events in question was, a 'plan, fund, or program' within the meaning of ERISA."). *See also Harris*, 794 F.2d at 360 ("The existence of a plan is a prerequisite to jurisdiction under ERISA."); *Jader v. Principal Mut. Life Ins. Co.,* 925 F.2d 1075, 1076-77 (8th Cir.1991) (remanding for determination of whether jurisdiction was lacking because there was no ERISA plan); *Eide v. Grey Fox Tech. Servs. Corp.*, 329 F.3d 600, 608 (8th Cir. 2003) (Where "federal subject matter jurisdiction is based on ERISA, but the evidence fails to establish the existence of an ERISA plan, the claim must be dismissed for lack of subject matter jurisdiction.").

---

this case. In *Arbaugh*, the Supreme Court determined that the employee-numerosity requirement of a Title VII claim was an element of the claim to be analyzed under Rule 12(b)(6), and not a jurisdictional fact. Here, however, it is well-established that the existence of an ERISA plan is a jurisdictional fact required to be met before a federal court may consider an ERISA claim. Further, unlike the lower-court decisions criticized in *Arbaugh*, I do not find my August 2018 Memorandum and Order to lack explicit consideration as to whether the case should be dismissed for lack of subject-matter jurisdiction; nor would I describe it as an "unrefined disposition" or a "drive-by jurisdictional ruling." *Arbaugh*, 546 U.S. at 511.

In *Kulinski v. Medtronic Bio-Medicus, Inc.*, 21 F.3d 254 (8th Cir. 1994),[2] the Eighth Circuit recognized that while other courts "have elected to treat the existence or non-existence of an ERISA plan as going to the merits of the claim rather than to jurisdiction, . . . [u]nder the law of our Circuit, however, the question is jurisdictional, and if we do not find jurisdiction, we may not consider the merits of [the ERISA] claim." *Id.* at 256 (citing *Jader,* 925 F.2d at 1077). In *Chronister*, a case cited favorably by plaintiffs in their brief opposing defendants' motion to dismiss, the Eighth Circuit determined initially whether it had subject-matter jurisdiction over the action because a question existed as to whether the benefits plan at issue was a church plan and thus exempt under ERISA. To determine this threshold question, the court of appeals applied the then-relevant factors in determining whether the plan was a church plan or an ERISA plan, thereby engaging in what the plaintiffs here would describe as a merits determination related to subject-matter jurisdiction. 442 F.3d at 653-54. In that case, the court found subject-matter jurisdiction to be proper because the plan at issue was an ERISA plan and not a church plan. *Id.* at 654.

Accordingly, in manner consistent with and as required by Eighth Circuit precedent, I looked at the substance of the Mercy Plan to determine whether it was an ERISA plan, and thus whether the Court had subject-matter jurisdiction over

---

[2] *Abrogated on other grounds by Ky. Ass'n of Health Plans, Inc. v. Miller,* 538 U.S. 329, 341 (2003).

plaintiffs' ERISA claims. *See Dakota, Minnesota & E. R.R. Corp. v. Schieffer*, 711 F.3d 878, 882 (8th Cir. 2013). *See also EFCO Corp. v. Iowa Ass'n of Bus. & Indus.*, 447 F. Supp. 2d 985, 998 (S.D. Iowa 2006); *Brand v. Kansas City Gastroenterology & Hepatology, LLC*, 547 F. Supp. 2d 1001, 1005 (W.D. Mo. 2008). Unlike the case in *Chronister,* however, but as was the case in *Kulinski*, "[b]ecause there is no ERISA plan here, this is not an ERISA case, and federal subject matter jurisdiction is absent." *Kulinski,* 21 F.3d at 258.

To the extent plaintiffs also ask me to reconsider my jurisdictional analysis on their Establishment Clause claim and supplemental state law claims, they make no legal or factual arguments persuading me that my respective decisions were in error or that my reasoning was flawed.

Therefore, upon reflection and research, I do not find that my earlier decision was clearly erroneous or that it would work a manifest injustice. Nor do I find that extraordinary circumstances exist to warrant the relief plaintiffs seek.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Reconsideration and to Alter or Amend the Judgment [177] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of October, 2018.